UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WESTCHASE RESIDENTIAL ASSETS II, LLC,
                    Plaintiff,

-against-

LENORE CZELADA; BARBARA J. GOTTI;
SLOMINS, INC.; PORTFOLIO RECOVERY
ASSOCIATES, LLC; AND DONNA SMITH,
                    Defendant(s).
-------------------------------------------------------------X

Civil Action No. 14-3190
(SJF-AKT)

**JUDGMENT OF FORECLOSURE AND SALE**

On the Summons in a Civil Action (the "Summons") and Verified Complaint and (the "Complaint") filed herein on May 22, 2014; on the Notice of Pendency filed in the Suffolk County Clerk's Office on June 25, 2014; and upon the decision of Judge Sandra J. Feuerstein, United States District Judge, which granted Plaintiff Westchase Residential Assets II, LLC's Motion for a Judgment of Foreclosure and Sale and Caption Amendment finding all Defendants in default of answering the Complaint, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

NOW, upon the Declaration of Services Rendered and Bill of Costs of Alan H. Weinreb, Esq., all dated October 20, 2014; and on the Affidavit of Statement of Damages of Dawn Berry, sworn to the 9th day of October, 2014, the Court finds that;

The amount computed by the Court to be due on the Note ("Note") and Mortgage is $612,814.15, including interest as set forth on the schedule annexed to Plaintiff's Motion as Exhibit "C" as of September 30, 2014 plus other charges expended by the Plaintiff, and for costs of $1,791.60, in accordance with the Bill of Costs set forth in Plaintiff's Motion, plus legal fees in the amount of $8,225.00, in accordance with the Declaration of Services Rendered set forth in Plaintiff's Motion amounting in all to the sum of $622,830.75.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the Eastern District of New York, located at the United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722, Courtroom 1010, by and under the direction of ___William Wexler___, (SJF/KAW) who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in ___Newsday___ and in the case the Plaintiff shall become the (SJF/KAW) purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in ___Chase___ Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $1,500.00 to said Referee for his fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $622,830.75 (inclusive of attorney's fees and costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from September 30, 2014 and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his

duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale. Said premises commonly known as 27 Brooks Lane, Nesconset, New York 11767. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Central Islip, New York

November 21, 2014

s/ Sandra J. Feuerstein
_____
Honorable Sandra J. Feuerstein, USDCJ

## SCHEDULE A

All that certain plot, piece or parcel of land, thereon erected, situate, lying and being in the Town of Smithtown, County of Suffolk and State of New York and designated as Part of Lot 1227 on a certain map entitled, "20th Map of House and Home Company" filed in the Office of the Clerk of Suffolk on February 1, 1900 as Map No. 580 more particularly bound and described as follows:

BEGINNING at a point on the easterly side of Brooks Avenue (Edmonds Avenue) at the Southwest corner of the herein described premises where the same is intersected by the northerly side of land now or formerly of Hall said point or place of beginning being also distant 1041 feet northerly as measured along the easterly side of Smithtown Boulevard, with the easterly side of Brooks Avenue;

RUNNING THENCE from said point or place of beginning along the easterly side of Brooks Avenue, North 2 degrees 00 minutes 00 seconds East 115.65 feet to land now of formerly of Peters;

THENCE along said last mentioned land South 88 degrees 00 minutes 00 seconds East 147.00 feet to land as shown on the Map of Ronkonkoma Park Section 3;

THENCE along said last mentioned land on said last mentioned map South 02 degrees 00 minutes 00 seconds West 115.03 feet to land now or formerly of Hall and thence along said last mentioned land North 88 degrees 00 minutes 00 seconds West 147.00 feet to the easterly said of Brooks Avenue at the point or place of BEGINNING.

